## Thomas T. Ferriss vs. Joseph Merrill.

Where an attorney's name is written illegibly or equivocally upon papers served in a cause, so much so as to be taken for another than the real name, and is not accompanied by an endorsement of his place of residence, it is requisite upon the adverse attorney to use all due diligence in ascertaining the true name and residence of such attorney, before serving papers upon him through the post office.

As it regards the *name* of an attorney, Rule 9, has no application; it is only in reference to the residence.

*June Special Term*, 1847. *Motion by Defendant on appeal from an order of the Circuit Judge of the first Circuit.*—The original motion was made by Defendant to set aside the rule for default entered in the cause and all subsequent proceedings, for irregularity. The suit was commenced by declaration upon a promissory note; the parties and attorneys on both sides residing in the city of New York—the grounds of the motion were, that the Plaintiff's attorney subscribed his name to the declaration in such a manner, that the Defendant's attorney took it to be "Bebb" instead of "Betts," and the Plaintiff's attorney not having in addition subscribed his place of residence, the Defendant's attorney served the plea and all the necessary papers in the cause, through the post office, directed to "W. C. Bebb, New York," pursuant to Rule 9. Defendant's attorney stated that he did not know where the Plaintiff's attorney resided, that the name did not appear in the Directory, that he made inquiry from a great number of the members of the bar, and from the inquiry so made he was unable to ascertain the residence of the Plaintiff's attorney; but from the best information which he could conveniently obtain concerning his residence, he believed that plaintiff's attorney resided in the city of New York; where Defendant's attorney had directed his letters containing service of papers. He sent to the dwelling of the Plaintiff to ascertain where Plaintiff's attorney resided, but was unable to see him. He enquired of E. Jenni, Esq., attorney at law, who had been theretofore employed by Plaintiff, where the attorney in this cause resided, that Jenni afterwards informed him, that he (Jenni) had made inquiry of the plaintiff, and was informed that he (Plaintiff) knew nothing of the suit, that it was prosecuted in his name for the benefit of Aaron Van Valkenburgh; Defendant's attorney then sent his clerk (Henry Cotter) to inquire of Van Valkenburgh where Plaintiff's attorney resided, and was informed he (Van Valkenburgh) knew nothing about it. Defendant's attorney subsequently, inquired of Van Valkenburgh, where Plaintiff's attorney resided, which was before the expiration of time to plead, but was unable to

ascertain, by reason of Van Valkenburgh's evading the question, and saying he did not know, or replies to that effect.

On the 3d May last, Defendant's attorney was informed by Defendant, that execution had been issued in the cause; which was the first intimation he had that judgment had been entered. He then examined the records and ascertained that judgment was docketed thirty-first of March last, and that W. C. Betts was the attorney, and not W. C. Bebb. Defendant's attorney stated that there were many persons by the name of Bebb in the city of New York, and he verily believed that the Plaintiff's attorney was of that name, and would not have known that the name was intended for Betts, had not the name in the rule book been written in a legible manner and altogether unlike that which was written in the declaration; that upon examining the papers in the clerk's office, filed by W. C. Betts, in the cause, most of them were written in a fair legible hand.

Defendant's attorney produced the affidavits of three attorneys, in the city of New York, stating in substance, that Defendant's attorney presented to them the copy declaration in the cause served on Defendant, (before the expiration of the time to plead,) and inquired the residence of the Plaintiff's attorney; that each of them took the name of Plaintiff's attorney to be W. C. Bebb. Defendant swore to merits, and stated the same to be a discharge under the insolvent act.

On the part of the Plaintiff it appeared from the affidavit of one Haight, who was in the same office with W. C. Betts, Plaintiff's attorney, that he was shown the copy declaration served on the Defendant, that it was legibly written, in the usual and customary hand writing of Plaintiff's attorney, and his names therein written were plainly written, and such as no person could mistake or be deceived in, if they would examine the same. Plaintiff's attorney annexed to his papers two copy declarations in different suits, as schedules A., B., written in the same hand writing as the copy declaration in this suit, and produced the affidavits of seven different attorneys of New York city, who were acquainted with the hand writing of W. C. Betts, Plaintiff's attorney, who all stated that the two copies annexed, marked A., B., were in the usual and customary handwriting of W. C. Betts. One Attorney included in the above, stated that Defendant's attorney presented to him the copy declaration in this cause and inquired the residence of Plaintiff's attorney, that he unhesitatingly told him that it was W. C. Betts, 62 Wall street.

Defendant's counsel alleged that this last information was received

after Defendant's attorney had learned the name of W. C. Betts, by examination of the papers at the clerk's office.

The circuit judge ordered that the default of the Defendant for want of a plea, be opened, and the Defendant allowed to plead in five days. The judgment, execution and levy to stand as security; costs of motion to abide event.

M. T. REYNOLDS, *Defts Counsel.*          C. B. SMITH, *Defts Atty.*

P. CAGGER, *Plffs Counsel.*          W. C. BETTS, *Plffs Atty.*

BEARDSLEY, Justice.—The ninth rule of this court does not touch the question to be decided in this case. That authorises a service of papers through the post office where the residence of the party is not endorsed, as the rule directs; the papers to be served, being in such case directed according to the best information which can be obtained, concerning the residence of the party on whom they are to be served. Here the Defendant's attorney believed, as he states, that the Plaintiff's attorney resided in the city of New York. So far he was correct; the error was as to the *name* of the attorney, not his *residence.* The rule has nothing to do with any doubt which may exist as to a *name.*

Then as to this name of the Plaintiff's attorney. It is written in and on the declaration four times: three of these might very honestly be read *Bebb*—the other I should read *Betts.* Here was room for doubt and misapprehension. The Defendant's attorney says he was misled, and I see no room to question his statement. Still, I cannot say he used all the diligence to discover what the name was, which the case required. He thought it was *Bebb,* but he had his doubts as to that. The attorney, he believed, lived in New York; and believing that, and doubting what the name was, it seems to me a little remarkable he did not go to the clerk's office where the true name could unquestionably have been discovered in a moment. I do not think there is any room to impute bad faith in this respect, yet there was not as much diligence as such a case would seem to have called for. The Plaintiff was strictly regular, although the name of his attorney is written very equivocally. The circuit judge allowed the judgment, &c. to stand, but gave the Defendant leave to plead, &c. I see no sufficient ground to disturb what the circuit judge has done, and the appeal from his order must be overruled and the order affirmed. But let the costs abide the event.